UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RENARD RUCKER, | NO. 18-cv-1153 (ECT/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| EDDIE MILES, JR., | |
| Respondent. | |

Renard Rucker, MCF Stillwater, 970 Pickett Street North, Bayport, Minnesota 55003, *pro se* Petitioner.

Linda M. Freyer, Hennepin County Attorney's Office, 300 South Sixth Street, Suite C-2000, Minneapolis, Minnesota 55487, for Respondent.

## INTRODUCTION

Petitioner Renard Rucker seeks a Writ of Habeas Corpus vacating his state court conviction and sentence for three counts of first degree criminal sexual conduct. Rucker raises three distinct grounds to support his request, each implicating his right to counsel under the Sixth Amendment. Respondent Eddie Miles, Jr. moves to dismiss Rucker's petition as being procedurally defaulted. Because all of Rucker's grounds for habeas relief are procedurally defaulted, the Court recommends the petition be dismissed with prejudice.

## FINDINGS OF FACT[1]

Rucker was charged with three counts of first degree criminal sexual conduct for actions that took place over the course of more than a year. *Minnesota v. Rucker*, 2017 WL 746422, at *1 (Minn. Ct. App. Feb. 27, 2017), *review denied* (Minn. May 16, 2017). The State of Minnesota alleged that, on multiple occasions, Rucker sexually penetrated H.B., his girlfriend's daughter, while all three of them were living together. *Id.*

During voir dire, Rucker's trial counsel noted to the trial court that the 21-member jury panel was entirely Caucasian. Rspd's App. 40 (Order Den. Pet'r's Mot. for Postconviction Relief), Docket No. 12. The trial court agreed. *Id.* However, Rucker's counsel did not make any further motion or note which jurors the prosecution peremptorily struck. *Id.*; *Rucker*, 2017 WL 746422, at *4.

At trial, several individuals testified, including H.B., H.B.'s mother, and a forensic examiner from CornerHouse, a nonprofit organization that provides support services in cases involving the possible mistreatment of children. Rspd's App. 41-42. The prosecution also showed the jury a recorded interview the forensic examiner conducted with H.B. while she was at CornerHouse. *Id.* Jurors received a printed transcript of the interview, which was collected after the video was shown. *Id.* The judge informed the jurors before viewing the interview that the recording was the evidence, not the transcript. *Id.*

---

[1] The Court's findings of fact cite predominantly to the Hennepin County District Court and Minnesota Court of Appeals opinions where Rucker raised his federal grounds for relief. When reviewing a habeas petition by a prisoner in state custody, the Court assumes the state courts' factual determinations to be correct, unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000).

Although the prosecution and Rucker's counsel had agreed to redact portions of the interview in which H.B. discussed Rucker's history of abusing her mother, the transcript provided to the jury was not redacted. *Id.* at 42-43. In a later part of the video shown to the jurors, H.B. also made statements about Rucker's mistreatment of her mother that were similar to the earlier comments the parties had agreed to redact. *Id.* at 43. Outside the presence of the jury, Rucker's counsel stated his concern that jurors may have read the unredacted transcript, but, ultimately, he declined to poll the jury, instead requesting that the judge reiterate his limiting instruction that the video was the evidence. *Id.* at 43-45.

Rucker was convicted on all three counts and sentenced to 201 months in prison. *Id.* at 45. After the trial, one of the jurors wrote letters to Rucker's trial counsel, the court, and the prosecution. The juror stated that he felt harassed and intimidated by the others, but made no specific allegation of a threat of violence. *Id.* Rucker's counsel moved for a hearing to impeach the jury's verdict because of potential juror misconduct. The trial court denied the motion, concluding the defense had failed to make a prima facie showing of intimidation. *Id.*

Rucker initially appealed his conviction to the Minnesota Court of Appeals, arguing, among other grounds, that he had received ineffective assistance of counsel during his trial. *Rucker*, 2017 WL 746422, at *1. He then sought a stay of the direct appeal to pursue postconviction relief in district court based on a theory of ineffective assistance of counsel. *Id.* When the district court denied his petition for postconviction relief, the Minnesota Court of Appeals lifted the stay, determined that Rucker had not satisfied the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and affirmed the verdict. *Rucker*, 2017

WL 746422, at *1-4, 6. Rucker sought review from the Minnesota Supreme Court, but only on the ground that his trial counsel was ineffective because he had failed to review the transcript and video of H.B.'s interview before they were published to the jury. Rspd's App. 140-41 (Pet. for Review). The Minnesota Supreme Court denied review. Rspd's App. 152.

## CONCLUSIONS OF LAW

In his petition, Rucker asserts three grounds for habeas relief.[2] He contends that his trial counsel was deficient for (1) failing to properly inquire into a juror's letters claiming that juror felt harassed, (2) failing to preserve the record regarding the racial makeup of the jury panel by making a *Batson* motion, and (3) failing to review the interview video and accompanying transcript before it was shown to the jury. Each of these grounds is procedurally defaulted.

**I.     Standard of Review**

    **A.     Federal Court Review of State Prisoner Habeas Petitions**

28 U.S.C. § 2254 governs this Court's review of Rucker's habeas petition. Federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A prisoner's habeas petition challenging a state court's determinations on the merits shall not be granted unless the state court's actions:

---

[2] Rucker's petition lists a fourth ground for relief, but that claim, labelled "Ineffective Assistance of Counsel," simply provides additional facts relevant to the other grounds. Pet. 16-17.

4

>     (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>     (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision may constitute an unreasonable application of federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Evenstad v. Carlson*, 470 F.3d 777, 782 (8th Cir. 2006) (quoting *Penny v. Johnson*, 532 U.S. 782, 792 (2001)).

**B.   Exhaustion and Procedural Default**

Generally, "[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal citations omitted). "[T]he prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* This ensures that "state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). When a habeas petition presents both exhausted and unexhausted claims, often called a "mixed petition," a court must usually dismiss the entire petition without prejudice so the prisoner can take the unexhausted claims through the proper state proceedings. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

What appears at first glance to be an unexhausted claim, may in fact be exhausted but still unreviewable by a federal court. An apparently unexhausted claim may actually

5

suffer from procedural default if state procedural rules would deny the petitioner any further hearing on the claim's merits. *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). In such cases, the petitioner has technically satisfied the exhaustion requirement, as no state remedies remain available, but "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *see also Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005).

## II.    Grounds One and Three

All three of Petitioner's grounds for habeas relief are procedurally defaulted because they were not timely and fairly presented to the Minnesota Supreme Court. Rucker's Ground One alleges Rucker's trial counsel should have inquired further into the one juror's claim of feeling harassed and threatened, Pet. 9, presumably to establish the basis for a hearing to impeach the jury verdict. Ground Three (supplemented by the additional facts incorrectly labelled "Ground Four") contends that trial counsel should have objected to some of the prosecution's peremptory challenges, thus preserving the record for a *Batson* challenge to the all-white jury. *Id.* at 14, 16. Rucker's appellate counsel raised both of these grounds in his petition for postconviction relief, Rspd's App. 8-9, 15-16, and in his appeal to the Minnesota Court of Appeals, *id.* at 12-13, 19-20, but expressly did *not* raise them to the Minnesota Supreme Court. *Id.* at 141. Rucker therefore did not completely exhaust his state court remedies on these claims and his window of opportunity to do so has long closed. *See* Minn. R. Crim. P. 29.04, subd. 2.

6

The grounds are procedurally defaulted, and not merely unexhausted, because Rucker cannot pursue any further state post-conviction remedies. In Minnesota, "where [a] direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 24 N.W.2d 737, 741 (Minn. 1976). This rule applies to ineffective assistance of counsel claims which can be determined from the trial record. *Andersen v. State*, 830 N.W.2d 1, 10 (Minn. 2013). Here, Rucker raised the claims in both a petition for post-conviction relief and on direct appeal to the Minnesota Court of Appeals. The factual allegations in his petition for habeas relief provide no new facts from those presented to the state court of appeals, so there is no basis to overcome the *Knaffla* bar. *See id.* at 8 (describing the circumstances when a post-conviction court may circumvent *Knaffla*).

Finally, Rucker offers no arguments that would allow him to circumvent his procedural default. A prisoner may overcome procedural default if he can show "cause and prejudice for the default," *Netherland*, 518 U.S. at 162, such as bolstering a claim of actual innocence with new evidence. *House v. Bell*, 547 U.S. 518, 536-37 (2006). As previously noted, Rucker offers no such showing, relying solely on the same facts he presented to the Minnesota Court of Appeals. Thus, he cannot overcome the procedural default. *Id.* ("Because petitioner makes no attempt to demonstrate cause or prejudice for his default . . . his claim is not cognizable in a federal suit for the writ.").

### III.   Ground Two

Ground Two, contending Rucker's counsel was deficient by failing to review the CornerHouse video and transcript, is more complicated. The Petition for Review to the

Minnesota Supreme Court stated the legal issue as whether Rucker's trial counsel was ineffective for failing to review the video and transcript, presumably to ensure they were properly redacted before they were published to the jury. Rspd's App. 141. In the argument section of the Petition for Review, however, Rucker argued that the Minnesota Supreme Court should grant review because the Court of Appeals had erroneously concluded the interview statements were admissible relationship evidence rather than inadmissible *Spreigl* evidence. *Id.* at 143-147. Thus, the Petition expressly argued only the state law evidentiary issue, never explicitly linking that issue to the claim of ineffective assistance of counsel. Thus, appellate counsel did not fairly present the federal claim for decision because the fair presentation requirement requires reference to "a specific constitutional right" or provision, or citation to a case that raises the "pertinent federal constitutional issue." *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015). A petitioner does not meet this requirement by "presenting a claim that is merely similar to the federal habeas claim[,]" *id.*, or by expecting the state supreme court to read about the federal issue in a lower court's opinion, *Baldwin*, 541 U.S. at 32. Because the Petition for Review only argued the state evidentiary law grounds it, at best, implicitly focused on only one prong of the court of appeals' *Strickland* analysis. By doing so, it never expressly asked the supreme court to decide the federal issue Rucker now asserts in his habeas petition. Thus, arguably, this claim was never fairly presented to nor exhausted in state court.[3]

---

[3] The issue of fair presentation in this case is not entirely clear because the Petition for Review on its face asserts "ineffective assistance of counsel" but then presents that claim through argument focused on allegedly improper application of state evidentiary rules. Giving Rucker every benefit of the doubt, a court could conceivably find that the issue was fairly presented.

But even if this Court were to find that this claim was fairly presented to the Minnesota Supreme Court and thereby exhausted in state court, the result in this action would not change. Trial counsel's failure to review the video and the accompanying transcript before allowing them to be published to the jury constitutes deficient performance, as it falls below an objective standard of reasonableness. Counsel is expected to review evidence before agreeing to its publication to the jury. Had counsel reviewed the evidence, it is reasonable to assume he would have discovered that the video and the transcript were not fully redacted as agreed, that the transcript then would have been redacted, and that the statements in the video, which were similar to the ones the prosecution agreed to redact, would also have been redacted. In short, but for trial counsel's deficient performance, the offending evidence would not have been admitted. In this sense, counsel's performance meets the second—prejudice—prong of *Strickland*.

However, even if counsel's deficient performance caused the admission of evidence that would otherwise have been kept from the jury, the prejudice prong of *Strickland* is not fully satisfied. The Postconviction Court and the Court of Appeals found the admission of this evidence harmless error in light of "the ample corroborative evidence to convict" Rucker. Rspd's App. 50-51, 136.  A state court's factual determinations are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. 2254(e)(1); *Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000). To the extent that the state courts made a factual determination, Rucker has provided no evidence, much less clear and convincing evidence, to rebut the state court's factual determination that Rucker's conviction—even without the offending evidence—was amply supported by the record. To the extent the state courts made a legal determination regarding prejudice,

9

Rucker has again provided no evidence to suggest that conclusion is incorrect. Therefore, even if this particular claim of ineffective assistance of trial counsel had been exhausted in state court, Rucker's petition would still be subject to dismissal here.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. Respondent's Motion to Dismiss [Docket No. 10] be GRANTED.

2. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] be DISMISSED WITH PREJUDICE.

Dated: January 31, 2019                s/David T. Schultz
                                       DAVID T. SCHULTZ
                                       United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).